UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:21-CV-61864

JOHN HOFF,

    Plaintiff,

v.

DOOR SYSTEMS OF SOUTH FLORIDA, INC.,
and R & A INVESTMENT CORP.,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND AMENDED COMPAINT

Defendants Door Systems of South Florida, Inc. ("DSSF"), and R&A Investment Corp. ("R&A") respond to the Second Amended Complaint of Plaintiff John Hoff as follows. For convenience, Defendants use the same headings and paragraph numbers used by Plaintiff in his Second Amended Complaint.

1. Defendants admit that Plaintiff purports to bring this action for an alleged violation of Fla. Stat. § 440.205, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and the Florida Civil Rights Act, Fla. Stat. 760.01, et seq. ("FCRA"), but deny that Plaintiff is entitled to relief.

2. Defendants admit that Plaintiff purports to bring an action for damages in excess of $30,000, but deny that Plaintiff is entitled to any relief.

3. With respect to the allegations that apply to DSSF, DSSF denies the allegations as stated, except admits that it is a Florida corporation with its principal place of business in Broward County, Florida. With respect to the allegations that apply to

R&A, R&A denies the allegations as stated, except admits that it is a Florida corporation with its principal place of business in Broward County, Florida.

4. With respect to the allegations that apply to DSSF, DSSF denies the allegations. With respect to the allegations that apply to R&A, R&A denies the allegations as stated, except admits that Plaintiff is an "employee" as defined by the ADA and an "aggrieved person" as defined by the Florida Civil Rights Act.

5. With respect to the allegations that apply to DSSF, DSSF denies the allegation as stated, except admits that DSSF is a "person" as defined by the Florida Civil Rights Act. With respect to the allegations that apply to R&A, R&A denies the allegations as stated, except admits that R&A is a "person" and "employer" as defined by the Florida Civil Rights Act.

6. With respect to the allegations that apply to DSSF, DSSF denies the allegation as stated. With respect to the allegations that apply to R&A, R&A admits the allegations.

7. Defendants deny the allegations as stated, except admit that venue is proper.

8. Defendants deny the allegations.

    a. Defendants deny the allegations as stated, except admit that the U.S. Equal Employment Opportunity Commission marked as received on March 9, 2021, a charge of discrimination.

    b. Defendants deny the allegations as stated, except admit that the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights with a date of July 27, 2021.

9. Defendants are without knowledge sufficient to admit or deny the allegations and therefore deny the allegations.

## RELEVANT FACTS

10. With respect to the allegations that apply to DSSF, DSSF denies the allegations as stated. With respect to the allegations that apply to R&A, R&A denies the allegations as stated, except admits that it employed Plaintiff.

11. Defendants deny the allegations.

12. Defendants deny the allegations as stated, except R&A admits that it is registered with the State of Florida Division of Corporations to do business as "Door Systems of South Florida," R&A's employees identify themselves as working for R&A by using the d/b/a "Door Systems of South Florida," and that Plaintiff was paid by R&A given that Plaintiff was employed by R&A.

13. Defendants deny the allegations.

14. Defendants deny the allegations.

15. Defendants deny the allegations.

16. Defendants deny the allegations.

17. Defendants deny the allegations.

18. With respect to the allegations that apply to DSSF, DSSF denies the allegations as stated, except admits that Blair Novy is DSSF's President. With respect to the allegations that apply to R&A, R&A denies the allegations as stated.

19. Defendants deny the allegations.

20. Defendants deny the allegations.

21. Defendants deny the allegations.

22. Defendants deny the allegations.

23. Defendants deny the allegations.

24. Defendants deny the allegations.

25. Defendants deny the allegations.

26. Defendants deny the allegations.

## COUNT I:  RETALIATORY DISCHARGE

27. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

28. Defendants deny the allegations as stated, except admit that Plaintiff purports to quote a portion of Fla. Stat. § 440.205.

29. Defendants deny the allegations.

30. Defendants deny the allegations.

31. Defendants deny the allegations.

32. Defendants deny the allegations.

33. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 33 of the Second Amended Complaint.

## COUNT II:  DISCRIMINATION IN VIOLATION OF THE ADA – TERMINATION

34. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

35. Defendants deny the allegations.

36. Defendants deny the allegations.

37. Defendants deny the allegations.

38. Defendants deny the allegations.

39. Defendants deny the allegations.

40. Defendants deny the allegations.

41. Defendants deny the allegations.

42. Defendants deny the allegations.

43. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF" clause following paragraph 43 of the Second Amended Complaint.

## COUNT III:  DISCRIMINATION IN VIOLATION OF THE ADA – FAILURE TO ACCOMMODATE

44. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

45. Defendants deny the allegations.

46. Defendants deny the allegations.

47. Defendants deny the allegations.

48. Defendants deny the allegations.

49. Defendants deny the allegations.

50. Defendants deny the allegations.

51. Defendants deny the allegations.

52. Defendants deny the allegations.

53. Defendants deny the allegations.

54. Defendants deny the allegations.

55. Defendants deny the allegations.

56. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF" clause following paragraph 56 of the Second Amended Complaint.

## JURY DEMAND

Defendants admit that Plaintiff demands trial by jury on all issues so triable.

## COUNT IV:  RETALIATION IN VIOLATION OF THE ADA – TERMINATION

57. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

58. Defendants deny the allegations.

59. Defendants deny the allegations.

60. Defendants deny the allegations.

61. Defendants deny the allegations.

62. Defendants deny the allegations.

63. Defendants deny the allegations.

64. Defendants deny the allegations.

65. Defendants deny the allegations.

66. Defendants deny the allegations.

67. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF" clause following paragraph 67 of the Second Amended Complaint.

## COUNT V:  DISCRIMINATION IN
## VIOLATION OF THE FCRA – TERMINATION

68. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

69. Defendants deny the allegations.

70. Defendants deny the allegations.

71. Defendants deny the allegations.

72. Defendants deny the allegations.

73. Defendants deny the allegations.

74. Defendants deny the allegations.

75. Defendants deny the allegations.

76. Defendants deny the allegations.

77. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF" clause following paragraph 77 of the Second Amended Complaint.

## COUNT VI: DISCRIMINATION IN
## VIOLATION OF THE FCRA – FAILURE TO ACCOMMODATE

78. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

79. Defendants deny the allegations.

80. Defendants deny the allegations.

81. Defendants deny the allegations.

82. Defendants deny the allegations.

83. Defendants deny the allegations.

84. Defendants deny the allegations.

85. Defendants deny the allegations.

86. Defendants deny the allegations.

87. Defendants deny the allegations.

88. Defendants deny the allegations.

89. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF" clause following paragraph 89 of the Second Amended Complaint.

## COUNT VII: RETALIATION IN VIOLATION OF THE FCRA – TERMINATION

90. Defendants incorporate by reference their responses to paragraphs 1 through 25 above, as if fully set forth herein.

91. Defendants deny the allegations.

92. Defendants deny the allegations.

93. Defendants deny the allegations.

94. Defendants deny the allegations.

95. Defendants deny the allegations.

96. Defendants deny the allegations.

97. Defendants deny the allegations.

98. Defendants deny the allegations.

99. Defendants deny the allegations.

100. Defendants deny the allegations.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF" clause following paragraph 100 of the Second Amended Complaint.

## JURY TRIAL DEMAND

Defendants admit that Plaintiff demands trial by jury on all issues so triable.

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Second Amended Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to satisfy all administrative remedies and/or conditions precedent in order to bring his claims.

3. R&A has disseminated a policy that prohibits any of the unlawful conduct that Plaintiff alleges in the Second Amended Complaint. That policy provides a means to Plaintiff for complaining about any unlawful conduct. Plaintiff failed to complain or otherwise take proper advantage of that policy to address the alleged unlawful conduct, and thus failed to take reasonable measures to obtain informal redress for any of the conduct Plaintiff alleges in the Second Amended Complaint.

4. At all times relevant to the action, Defendants engaged in good-faith efforts to comply with federal, state, and local laws, did not know that any of their conduct was in violation of the ADA, the FCRA, Fla. Stat. § 440.205, and all other applicable law, and were not consciously indifferent to whether their conduct violated any such laws or rights of Plaintiff under such laws. Plaintiff therefore is precluded from recovering damages.

5. To the extent Plaintiff alleges unlawful actions were taken by any representative of Defendants, such actions, if wrongful, were taken without authority, knowledge, or approval of Defendants, in conflict with Defendants' policies, and outside the course and scope of the employment of the individual taking the action.

6. Plaintiff must demonstrate that his participation in protected activity was the "but-for" (or sole) cause of the adverse employment action, not just a motivating factor. *See Bowen v. Quest Diagnostics Inc.*, 2021 U.S. Dist. LEXIS 104883, at *36 (S.D. Fla. June 2, 2021); *see also Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019) (applying but-for causation standard for Title VII retaliation claim to ADA retaliation claim); *Natofsky v. City of New York*, 921 F.3d 337, 349-50 (2d Cir. 2019) (same); *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 234 (4th Cir. 2016) (same); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 318 (6th Cir. 2012) (same); *Serwatka v. Rockwell Automation Inc.*, 591 F.3d 957, 963 (7th Cir. 2010) (same).

7. If Plaintiff can somehow prove his claim, then Defendants reserve the right to rely on the mixed motives defense. Any alleged discriminatory and/or retaliatory personnel action referred to in the Second Amended Complaint, even if proved, would have been taken by Defendants for legitimate, non-discriminatory and/or non-retaliatory reasons irrespective of any alleged discriminatory and/or retaliatory personnel action.

8. If Plaintiff can somehow prove his claim, then Defendants reserve the right to rely on the doctrine of after-acquired evidence. Plaintiff's recovery is barred or limited by any wrongful conduct that Defendants did not know of or have reason to know of but would have led to employment termination (if in the case of DSSF, employed by DSSF at all) if it had been discovered prior to Plaintiff's employment termination.

9. Plaintiff has failed to mitigate his damages. Plaintiff could have reduced his damages by making a reasonable effort to seek and retain comparable employment. For example, Plaintiff represents he has made no job search efforts since his employment ended.

10. To the extent that Plaintiff seeks loss of wages and earnings, these claims are barred or may be set off by the receipt of unemployment compensation and/or the collateral source rule.

11. To the extent front pay is recoverable, then only the court may determine the amount of front pay, which is an equitable remedy not subject to determination by a jury.

WHEREFORE, Defendants request that this Court dismiss Plaintiff's action, enter judgment against Plaintiff, and award Defendants their attorneys' fees, costs, interest, and such other and further relief as the Court may deem appropriate.

Dated:  September 3, 2021                    Respectfully submitted,

By: */s/ Brian L. Lerner*
    Brian L. Lerner (Fla. Bar No. 177202)
    Kim Vaughan Lerner LLP
    312 SE 17th Street, Suite 300
    Fort Lauderdale, Florida 33316
    Telephone:  (954) 527-1115
    Facsimile:  (954) 527-1116
    E-mail:  blerner@kvllaw.com
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: */s/ Brian L. Lerner*
Brian L. Lerner

**SERVICE LIST**

| | |
|---|---|
| Brian L. Lerner | Tanesha Blye |
| blerner@kvllaw.com | tblye@saenzanderson.com |
| Kim Vaughan Lerner LLP | Aron Smukler |
| 312 SE 17th Street, Suite 300 | asmukler@saenzanderson.com |
| Fort Lauderdale, Florida 33316 | R. Martin Saenz |
| Telephone:   (954) 527-1115 | msaenz@saenzanderson.com |
| Facsimile:   (954) 527-1116 | Saenz & Anderson, PLLC |
| Attorneys for Defendants | 20900 NE 30th Avenue, Suite 800 |
| | Aventura, Florida 33180 |
| Via Transmission of Notices of | Telephone:   (305) 503-5131 |
| Electronic Filing Generated by CM/ECF | Facsimile:   (888) 270-5549 |
| | Attorneys for Plaintiff |
| | |
| | Via Transmission of Notices of Electronic Filing Generated by CM/ECF |